IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOSEPH DARRYL TALBERT,

  Plaintiff,

  v.

DARBI ALEXANDER,

  Defendant.

CIVIL ACTION FILE
NO. 1:17-CV-3735-TWT

**ORDER**

This is a dispossessory action. It is before the Court for a frivolity determination. A claim is frivolous "where it lacks an arguable basis either in law or in fact."[1] A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.[2]

The Defendant filed in this Court a pleading entitled in part Motion to Vacate and Set Aside Wrongful Eviction and Dispossessory [Doc. 3]. The Clerk has docketed this as a removal of the state court dispossessory action. Pursuant to 28 U.S.C. § 1447,

---

    [1]    Neitzke v. Williams, 490 U.S. 319, 325 (1989).

    [2]    Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

if at any time before final judgment it appears that this Court lacks subject matter jurisdiction over an action that has been removed from a state court, this Court must remand the action.[3] The Court must therefore examine the Defendant's Motion to determine whether this Court has jurisdiction over the claims involved in the state court action. "In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists."[4]

The Defendant alleges that the Plaintiff's dispossessory action violated her rights under the Fourth, Fifth and Sixth Amendments to the Constitution of the United States. Thus, it appears that the Defendant is alleging that this Court has jurisdiction based upon a federal question. However, the Defendant's pleading does not appear to contend that the Plaintiff has asserted any federal claims in the subject state court action. Instead, the Defendant is claiming certain defenses under federal law, specifically alleging that the underlying state court action violates federal law. After reviewing the record, the Court has determined that the Defendant has not established federal question jurisdiction.

---

[3] See 28 U.S.C. § 1447(c).

[4] Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[5] Under 28 U.S.C. § 1441, a defendant may remove a civil action to a district court on the basis of such federal question jurisdiction.[6] The Supreme Court has held that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule. That rule provides that federal jurisdiction exists only when a federal question is presented on the face of the state court plaintiff's properly pleaded complaint.[7] The Defendant, however, does not contend that the Plaintiff has asserted any federal claims in this case, and a review of the record reveals that the Plaintiff has asserted no federal claims.

Instead, the Defendant's pleading indicates that the Plaintiff's action in the Magistrate Court of Gwinnett County is a dispossessory action to remove the Defendant as a tenant after her failure to pay rent. An eviction or dispossessory action is a process governed by state law that does not typically implicate federal law. The Defendant has not identified any federal question that the Plaintiff's state court eviction action raises. To the extent that the Defendant is attempting to remove this

---

[5] 28 U.S.C. § 1331.

[6] See 28 U.S.C. § 1441(a).

[7] See Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936); see also Anderson v. Household Fin. Corp., 900 F. Supp. 386, 388 (M.D. Ala. 1995).

action by asserting defenses or counterclaims which invoke federal statutes, that basis of removal is also improper. Under the well-pleaded complaint rule, federal defenses and counterclaims are not sufficient to confer jurisdiction on this Court to hear an action removed from a state court.[8]

A review of the record reveals that the Defendant also cannot remove this case on the basis of diversity of citizenship. Diversity between parties does not provide a basis for removal to federal court if any of the properly joined defendants is a citizen of the state in which the action is brought.[9] The Defendant states that she is a resident of Atlanta, Georgia, and does not allege citizenship in any other state. Thus, this action may not be removed on the basis of diversity jurisdiction.

Finally, the Court notes that the relief the Defendant seeks is an injunction against the state court proceedings. Under the Anti-Injunction Act, 28 U.S.C. § 2283, this Court cannot enjoin a state court action for eviction. The Anti-Injunction Act is "an absolute prohibition against enjoining State Court proceedings, unless the

---

[8] See Federal Land Bank of Columbia v. Cotton, 410 F. Supp. 169, 170 n.1 (N.D. Ga. 1975) (the "defendant's defense and counterclaim relating to truth-in-lending violations are clearly not sufficient to confer subject-matter jurisdiction upon this court for the entire action").

[9] See 28 U.S.C. § 1441(b)(2).

injunction falls within one of three specifically defined exceptions."[10] "The three excepted circumstances are (i) the express provisions of another act of Congress authorizing such an order; (ii) necessity in aid of the federal court's jurisdiction; and (iii) the need to protect or effectuate the federal court's judgments."[11] None of those exceptions applies in this case. This prohibition against injunctions applies whether the movant seeks to enjoin the parties to the action or the state court itself.[12] In this case, the Defendant seeks to enjoin the Plaintiff from proceeding with a dispossessory action already filed in state court. This Court is, however, "absolutely prohibited" by the Anti-Injunction Act from granting such relief. This action is DISMISSED. The Defendant's Emergency Motion for Injunctive Relief [Doc. 3] is DENIED.

SO ORDERED, this 28 day of September, 2017.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[10] Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 286 (1970).

[11] Standard Microsystems Corp. v. Texas Instruments, Inc., 916 F.2d 58, 60 (2d Cir. 1990).

[12] See, e.g., In re General Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig., 134 F.3d 133, 144 (3d Cir.1998).